**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
(Southern Division)

| | |
|---|---|
| DAVE COLLIER, Individually and on Behalf of All Others Similarly Situated, | Case No: 8:25-cv-02581-TDC |
| Plaintiff, | CLASS ACTION |
| v. | |
| ALTIMMUNE, INC., VIPIN K. GARG, and MATTHEW SCOTT HARRIS, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CONNOR MCCREERY**

**FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF**

**COUNSEL**

Movant Connor McCreery ("Movant") respectfully submits this memorandum of law in

support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange

Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act

of 1995 (the "PSLRA"):

(a)     appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of

Altimmune, Inc. ("Altimmune" or the "Company") securities between August 10, 2023 and June

25, 2025, both dates inclusive (the "Class Period"); and

(b)     approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for

the Class.

1

## INTRODUCTION AND BACKGROUND

This action was commenced on August 5, 2025 against the Company, Vipin K. Garg, and Matthew Scott Harris (collectively, "Defendants") for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

Defendant Altimmune is a clinical stage biopharmaceutical company that focuses on developing treatments for obesity and liver diseases.

The alleged misrepresentations in this case focus on Altimmune's failure to achieve statistical significance in its analysis of the fibrosis reduction primary endpoint in its IMPACT Phase 2b MASH trial (the "Trial") In pertinent part, the action alleges that Defendants provided the public with overwhelmingly positive statements leading up to the announcement of topline results that failed to account for the fibrosis reduction observed in the placebo group.

Defendants, the complaint alleges, provided overwhelmingly positive statements to investors while simultaneously misrepresenting and/or concealing material adverse facts concerning the true state of the results observed in the Trial. Altimmune's executives, the complaint alleges, repeatedly touted their positive expectations, and further titled the press release announcing the Trial's topline results "Announces Positive Topline Results from the IMPACT Phase 2b MASH trial of Pemvidutide in the Treatment of MASH," completely disregarding (the complaint alleges) that one of two primary endpoints was not found to be statistically significant. In fact, Defendants spent minimal time discussing the aforementioned failure during an investor call hosted by Altimmune pertaining to the topline results, rather stating that Altimmune hoped for better results in the Phase 3 trial.

Then, on June 26, 2025, Altimmune published a press release announcing topline results for the Trial. In contrast to Defendants providing inflated expectations ahead of these results, the analysis revealed a failure to achieve statistical significance in its analysis of the fibrosis reduction primary endpoint in the Trial. Specifically, statistical significance was not met due to a higher-than-expected placebo response.

The complaint alleges that investors and analysts immediately reacted to Altimmune's revelations. Altimmune stock fell from $7.71 per share to $3.61 per share on June 26, 2025, a 53.17% decline.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.  Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.  Movant Has a Substantial Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Movant lost $22,735.43 in connection with his purchases of Altimmune securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Altimmune securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. *Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure*

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.,*

210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Altimmune's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Altimmune securities and is therefore, extremely motivated to pursue claims in this action.

### D. *Movant Is Presumptively the Most Adequate Plaintiff*

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class. Movant lives in Austin, Texas.

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigation, securities fraud class actions, and other complex litigation and obtained substantial recoveries on behalf of investors. *See* Exs. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and

expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; and (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: October 6, 2025                    Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**
<u>/s/ Phillip Kim</u>
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Phillip Kim