**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| DAVE COLLIER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>ALTIMMUNE, INC., VIPIN K. GARG, and MATTHEW SCOTT HARRIS,<br><br>        Defendants. | Case No.: 8:25-cv-02581-TDC<br><br>Hon. Theodore D. Chuang |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CARLOS RIOS**
**FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**<u>APPROVAL OF SELECTION OF COUNSEL</u>**

Movant Carlos Rios ("Movant"), on behalf of himself and all similarly situated persons, respectfully submits this Memorandum of Law in support of his motion ("Motion"): (1) appointing Movant as Lead Plaintiff on behalf of all investors who purchased or otherwise acquired Altimmune, Inc. ("Altimmune" or the "Company") securities between August 10, 2023 and June 25, 2025, inclusive (the "Class", who purchased during the "Class Period"); (2) approving Movant's selection of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel for the putative class; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action (the "Action") brought on behalf of all investors who purchased or otherwise acquired Altimmune securities during the Class Period. Plaintiff in the Action alleges violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5), against the Company, Vipin K. Garg ("Garg"), and Matthew Scott Harris ("Harris") (collectively, the "Defendants" and without the Company, the "Individual Defendants").

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) (the "PSLRA"), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(aa)-(cc); *see also Tchatchou v. India Globalization Capital, Inc.,* No. 8:18-cv03396-PWG, 2019 WL 1004591, at *3 (D. Md. Feb. 28, 2019). Movant has lost

approximately $79,449.72 as a result of the alleged fraud during the Class Period.[1] Movant believes that he has the largest financial interest in the outcome of this case. Moreover, Movant satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.

For the reasons summarized herein and discussed more fully below, Movant's Motion should be approved in its entirety.

## FACTUAL BACKGROUND[2]

Altimmune is a clinical stage biopharmaceutical company focused on developing treatments for obesity, metabolic and liver diseases. ¶ 19. The Company's lead product candidate, pemvidutide (formerly known as ALT-801), is a novel, investigational, peptide-based GLP-1/glucagon dual receptor agonist. *Id*. Pemvidutide is currently in clinical development for obesity and metabolic associated steatohepatitis ("MASH"). *Id*.

The statements in Paragraphs 20 to 30 of the *Collier* Complaint were false and/or materially misleading. ¶ 31. Defendants created the false impression that they possessed reliable information pertaining to the results of the Company's IMPACT Phase 2b MASH trial. *Id*. In truth, Altimmune failed to meet an important statistical significance marker relating to the fibrosis reduction primary endpoint. *Id*. The Company had consistently touted its inflated expectations for positive topline results from the IMPACT Phase 2b MASH trial, while concealing higher responses in the placebo

---

[1] Certification identifying Movant's transactions in Altimmune, as required by the PSLRA, as well as a chart identifying his losses, are attached to the Declaration of Jordan A. Cafritz, dated October 6, 2025 ("Cafritz Decl."), as Exhibits A and B, respectively.

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Collier* Complaint") filed in the action styled *Collier v. Altimmune, Inc., et al.,* No. 8:25-cv-02581-TDC (the "*Collier* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Collier* Complaint. The facts set forth in the *Collier* Complaint are incorporated herein by reference.

group, which they knew or should have known would negative impact the topline results. *Id*. Altimmune's IMPACT Phase 2b MASH trial results fell short of reality, as shown by the Company's topline data, which show that the statistical significance was not achieved for the fibrosis reduction primary endpoint. *Id*.

On June 26, 2025, Altimmune published a press release announcing topline results from the IMPACT Phase 2b Trial of Pemvidutide in the Treatment of MASH. ¶ 32.

Later the same day, Altimmune hosted a Special Call detailing the topline results from the IMPACT Phase 2b Trial of Pemvidutide in the Treatment of MASH. Defendant Harris provided the following analysis pertaining to the results. ¶ 33.

During a question-and-answer segment of the Special Call, analysts probed Defendants regarding the IMPACT Phase 2b MASH trial results. ¶ 34.

The aforementioned press releases and statements made by the Individual Defendants are in direct contrast to statements they made during the above-referenced press releases. ¶ 35. On those calls, Defendants repeatedly touted the Company's positive expectations for topline results from its IMPACT Phase 2b MASH trial. *Id*. In truth, Altimmune failed to account for high placebo responses during the study leading the critical miss of the fibrosis reduction primary endpoint. *Id*. Furthermore, when directly asked about this failure to reach statistical significance, Defendants' response was less than reassuring; particularly, that Altimmune was hoping to reach the statistical significance target during the Phase 3 trial. *Id*.

Investors and analysts reacted immediately to Altimmune's revelation. ¶ 36. The price of Altimmune's common stock declined dramatically. *Id*. From a closing market price of $7.71 per share on June 25, 2025, Altimmune's stock price fell to $3.61 per share on June 26, 2025, a decline of 53.2% in the span of just a single day. *Id*.

4

## ARGUMENT

**I.      APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE**

**A.      The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff**

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. §78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a) and (a)(3)(B).

The PSLRA provides that within 20 days after the date on which the first class action is filed, the plaintiff to that action shall cause to be published in a widely circulated national business publication or wire service, a notice advising members of the proposed class of the pendency of the action and their right to move for appointment as lead plaintiff within 60 days of the notice publication. 15 U.S.C. §78u-4(a)(3)(A).

Under 15 U.S.C. §78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by a purported class member in response to the notice and appoint as lead plaintiff the plaintiff that the court determines to be "most capable of adequately representing the interests of class members." The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a Class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and sustained, to the best of his knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the action.

### B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movant should be appointed lead plaintiff because he satisfies all of the requirements of the PSLRA. Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

### 1.    Movant Filed a Timely Motion

On August 5, 2025, which was within twenty (20) days of the filing of the first-filed complaint as required by 15 U.S.C. §78u-4(a)(3)(A)(i), Levi & Korsinsky, counsel of behalf of plaintiff in the *Collier* Action, published notice of that action over *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Cafritz Decl., Ex. C. Consequently, any member of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of that notice. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Therefore, the time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-

4(a)(3)(A) and (B) expires on October 6, 2025. Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant herein timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

**2.      Movant Has the Largest Financial Interest in the Relief Sought By the Class**

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Cafritz Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *See India Globalization Capital, Inc.,* 2019 WL 1004591, at *3. Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. §78u-4(e).

Within the Class Period, Movant purchased Altimmune securities in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. Movant suffered substantial losses of approximately $79,449.72 as a result of the Defendants' alleged fraudulent statements. *See* Cafritz Decl., Ex. B. Movant, thus, has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3.    Movant Meets Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. *See Klugmann v. Am. Capital Ltd.,* No. PJM 09-5, 2009 WL 2499521, at *5 (D. Md. Aug. 13, 2009). *See also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004)

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

### (i)    Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. A plaintiff satisfies the typicality requirement if the plaintiff has: (a) suffered the same injuries as the absent class members; (b) the injuries are as a result of the same course of

conduct by defendants; and (c) the plaintiff's claims are based on the same legal issues that prove the defendant's liability. *See Id.*[3]

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete, nor conflict, with the claims of the other Class members. Movant, like the other members of the Class, acquired Altimmune securities during the Class Period at prices artificially inflated by the Defendants' materially false and misleading statements and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses resulted from the Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). Additionally, Movant is not subject to any unique defenses and there is no evidence of any conflicts between Movant and the other members of the Class.

Movant therefore satisfies the required *prima facie* showing of the typicality requirement of Rule 23 for purposes of this Motion.

> **(ii)      Movant Will Fairly and Adequately Protect the Interests of the Class**

Movant is also an adequate representative for the Class. Under Rule 23(a)(4), representative parties must also "fairly and adequately protect the interests of the class." Adequate representation will be found if the representative has: (a) retained able and experienced counsel; and (b) the representative has no fundamental conflicts of interest with the interests of the class as a whole. *See India Globalization,* 2019 WL 1004591, at \*6 *(citing Hassine v. Jeffes,* 846 F.2d 169, 179 (3d Cir. 1988) ([Court should consider if Movant] "has the ability and incentive to represent the claims of the class vigorously, whether it has obtained adequate counsel, and whether there is

---

[3] Further, although not relevant to the present motion, a finding of commonality frequently supports a finding of typicality and *vice versa*. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

a conflict between the movant's claims and those asserted on behalf of the class."). The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B).

Movant has met both of the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative class. Not only is there no evidence of conflict between Movant's interests and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the action based on the large financial losses he suffered as a result of the wrongful conduct alleged therein. *See In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998) (Plaintiff's "financial stake in the litigation provides an adequate incentive for [Plaintiff] to vigorously prosecute the action."). Indeed Movant has already taken significant steps demonstrating that he recognizes and will protect the interests of the Class, including: (1) executing a certification detailing his Class Period transactions and expressing his willingness to serve as Class representative; (2) moving this Court to be appointed lead plaintiff; and (3) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities fraud. Therefore, Movant will prosecute the action vigorously on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 25 years. He resides in Ottawa, Canada, and possesses a master's degree. Movant is currently employed as senior director of customer applications engineering at Synopsys, Inc. *See* Cafritz Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is the presumptive lead plaintiff in accordance with §78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead this action.

## II.    APPOINTING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class.

As set forth in the accompanying firm résumé (Cafritz Decl., Ex. E), Levi & Korsinsky is a highly accomplished firm and currently acting as lead counsel in a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Thus, this Court may be assured that in the event that the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff on behalf the Class; (2) approve Movant's selection of counsel, Levi & Korsinsky, as Lead Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

11

Dated: October 6, 2025                    Respectfully Submitted,


**LEVI & KORSINSKY, LLP**


By: */s/ Jordan A. Cafritz*
Jordan A. Cafritz (Bar #:20908)
1101 Vermont Ave., NW Suite 800
Washington, D.C. 20005
Tel: (202) 524-4290
Fax: (202) 333-2121
Email: jcafritz@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Carlos Rios and*
*[Proposed] Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Jordan A. Cafritz, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 6th day of October 2025.

<i>/s/ Jordan A. Cafritz</i>
Jordan A. Cafritz