# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
(Southern Division)

|  |  |
|---|---|
| DAVE COLLIER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ALTIMMUNE, INC. *et al.*,<br><br>    Defendants. | Case No. 8:25-cv-02581-TDC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE CAO-WU FAMILY AND THOMAS RAINWATER FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ................................................................................................ 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT ..................................................................................................................... 4

    I.    THE CAO-WU FAMILY AND RAINWATER SHOULD BE APPOINTED CO-LEAD PLAINTIFFS ................................................................................. 4

        A.    The Cao-Wu Family and Rainwater Are Willing to Serve as Class Representatives and Have Timely Filed This Motion to Be Appointed Co-Lead Plaintiffs. ..................................................................................... 5

        B.    The Cao-Wu Family and Rainwater Have the "Largest Financial Interest" in the Action ....................................................................................... 5

        C.    The Cao-Wu Family and Rainwater Otherwise Satisfy the Requirements of Rule 23 ................................................................................................. 7

        D.    The Cao-Wu Family and Rainwater Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses. ........ 10

    II.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................................... 11

CONCLUSION ................................................................................................................. 13

i

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Barnet v. Elan Corp., PLC*,
   236 F.R.D. 158 (S.D.N.Y. 2005) ...................................................................................................9

*Chamblee v. Terraform Power, Inc.*,
   No. PX 16-981, 2016 WL 4039178 (D. Md. July 28, 2016) .................................................7, 8

*China Agritech v. Michael H. Resh*,
   584 U.S. 732 (2018)...............................................................................................................9

*DeLuca v. Instadose Pharma Corp.*,
   No. 2:21CV675 (RCY), 2022 WL 3020417 (E.D. Va. July 29, 2022)......................................6

*Fine, et al. v. Bowl America, Inc., et al.*,
   No. 1:21-cv-01967-SAG (D. Md.).........................................................................................13

*Hirtenstein v. Cempra, Inc.*,
   Nos. 1:16cv1303 *et al.*, 2017 WL 2874588 (M.D.N.C. July 5, 2017).......................................7

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017).......................10

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)...............................................................................................6, 9

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .........................6

*In re Comverse Technology, Inc. Securities Litigation*,
   No. 1:06-cv-01825 (E.D.N.Y.) .............................................................................................12

*In re Emergent BioSolutions Inc. Sec. Litig.*,
   No. 8:21-cv-00955-DLB (D. Md.).........................................................................................13

*In re Microstrategy Sec. Litig.*,
   110 F. Supp. 2d 427 (E.D. Va. 2000) .....................................................................................11

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ...............................................................................................11

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...........................................................................................6

*In re Petrobras Securities Litigation*,
   No. 14-cv-09662 (S.D.N.Y.)...........................................................................................11, 12

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
219 F.R.D. 343 (D. Md. 2003)..................................................................................7

*In re Wells Fargo & Co. Sec. Litig.*,
No. 1:20-cv-04494-JLR-SN (S.D.N.Y.) .................................................................12

*Johnson v. Pozen, Inc.*,
No. 1:07CV599, 2008 WL 474334 (M.D.N.C. Feb. 15, 2008) ...........................7, 8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) ...........................................................................11

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ....................................6

*Louisiana Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ..............................10

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
No. 10-cv-00302-MRPMAN (C.D. Cal.) .................................................................12

*New Jersey Carpenters Health Fund v. Residential Capital, LLC*,
No. 08-cv-8781 (HB) (S.D.N.Y.) .............................................................................12

*Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v.*
*Emergent Biosolutions Inc.*,
No. PWG-21-1189, 2021 WL 6072812 (D. Md. Dec. 23, 2021) ....................6, 8, 9

*Rubin v. MF Global, Ltd.*,
No. 08-cv-2233 (VM) (S.D.N.Y.)............................................................................12

*Sinnathurai v. Novavax, Inc. et al.*,
No. 8:21-cv-02910-TDC (D. Md.).............................................................................13

*Tchatchou v. India Globalization Cap., Inc.*,
No. 8:18-CV-03396-PWG, 2019 WL 1004591 (D. Md. Feb. 28, 2019)..................6, 9, 10, 13

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)(i) ........................................................................................4

15 U.S.C. § 78u-4(a)(3)(B) .......................................................................................1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .......................................................................5, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)...............................................................................10

15 U.S.C. § 78u-4(a)(3)(B)(v) ..................................................................................8, 11

Securities Exchange Act of 1934 .......................................................................................1, 5, 7

Private Securities Litigation Reform Act of 1995 ................................................. *passim*

**Rules**

Federal Rules of Civil Rule 23 ............................................................................. *passim*

Movants Yiming Cao ("Cao"), Yaping Wu ("Wu" and, together with Cao, the "Cao-Wu Family"), and Thomas Rainwater ("Rainwater") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing the Cao-Wu Family and Rainwater as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of all investors who purchased or otherwise acquired Altimmune, Inc. ("Altimmune" or the "Company") securities between August 10, 2023 and June 25, 2025, inclusive (the "Class Period"); and (2) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel for the Class.

## SUMMARY OF ARGUMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  Altimmune investors, including the Cao-Wu Family and Rainwater, incurred significant losses following the disclosures of the alleged fraud, which caused Altimmune's share price to fall sharply, damaging the Cao-Wu Family, Rainwater, and other Altimmune investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In connection with their transactions in Altimmune securities during the Class Period, the Cao-Wu Family and Rainwater collectively incurred losses of approximately $80,602. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") 1, J.R.000002-05.  Accordingly, the Cao-Wu Family and Rainwater believe that they have the largest financial interest in the relief sought in this Action.  Beyond their considerable financial

interest, the Cao-Wu Family and Rainwater also meet the applicable requirements of Rule 23 because their claims are typical of those of absent Class members and they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Action on behalf of the Class, the Cao-Wu Family and Rainwater have selected Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.  These firms and their attorneys are highly experienced in the areas of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed further in Section II., *infra*.

Accordingly, the Cao-Wu Family and Rainwater respectfully request that the Court enter an order appointing them as Co-Lead Plaintiffs for the Class and approving their selection of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

## **STATEMENT OF FACTS**

As alleged in the Complaint in the Action, the alleged misrepresentations in this case relate to Altimmune's failure to achieve statistical significance in its analysis of the fibrosis reduction primary endpoint in its IMPACT Phase 2b MASH trial of the drug Pemvidutide.  In pertinent part, Defendants provided the public with overwhelmingly positive statements leading up to the announcement of topline results that failed to account for the fibrosis reduction observed in the placebo group.

Defendants provided these overwhelmingly positive statements to investors while, at the same time, misrepresenting and/or concealing material adverse facts concerning the true state of the results observed in Altimmune's IMPACT Phase 2b MASH trial.  Altimmune's executives repeatedly touted their positive expectations and even went as far as to title the press release announcing the IMPACT Phase 2b MASH trial topline results "Announces Positive Topline

Results from the IMPACT Phase 2b MASH trial of Pemvidutide in the Treatment of MASH [metabolic associated steatohepatitis]," completely disregarding that one of two primary endpoints was not found to be statistically significant. In fact, Defendants spent minimal time discussing the aforementioned failure during the special call hosted by Altimmune pertaining to the topline results, instead stating that the Company hoped for better results in the Phase 3 trial.

On June 26, 2025, Altimmune published a press release announcing topline results from the IMPACT Phase 2b MASH trial of Pemvidutide in the Treatment of MASH. While Defendants had continuously provided inflated expectations ahead of these results, the analysis showed a clear failure by the Company to achieve statistical significance in its analysis of the fibrosis reduction primary endpoint in its IMPACT Phase 2b MASH trial. In particular, while a positive trend in fibrosis improvement was observed, statistical significance was not met due to a higher-than-expected placebo response. When questioned about this concerning miss, Defendants answered indifferently, attributing this result to the Phase 2 nature of the trial and stated that Altimmune was hoping for better results following the Phase 3 trial.

Investors and analysts reacted immediately to Altimmune's revelation. The price of Altimmune's common stock declined dramatically from a closing market price of $7.71 per share on June 25, 2025, to $3.61 per share on June 26, 2025, a decline of 53.2% in the span of just a single day. Investors who purchased Altimmune stock prior to this disclosure did so based on materially misleading information and suffered damages as a result.

3

## ARGUMENT

### I. THE CAO-WU FAMILY AND RAINWATER SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

The Cao-Wu Family and Rainwater should be appointed Co-Lead Plaintiffs because they have timely filed a motion for appointment as Co-Lead Plaintiffs, have the largest financial interest in this Action to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

4

As set forth below, the Cao-Wu Family and Rainwater satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### A.    The Cao-Wu Family and Rainwater Are Willing to Serve as Class Representatives and Have Timely Filed This Motion to Be Appointed Co-Lead Plaintiffs.

On August 5, 2025, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Altimmune and other defendants, and advising investors in Altimmune securities that they had until October 6, 2025—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. 2, J.R.000007-08.

The Cao-Wu Family and Rainwater have filed the instant motion pursuant to the Notice, and they have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. 3, J.R.000010-11, 000013-14, 000016-17. Accordingly, the Cao-Wu Family and Rainwater satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### B.    The Cao-Wu Family and Rainwater Have the "Largest Financial Interest" in the Action.

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). To the best of their knowledge, the Cao-Wu Family and Rainwater have the largest financial interest of any Altimmune investor or investor group seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in

the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  These so-called *Lax* factors have been adopted and applied by courts nationwide, including in the Fourth Circuit.  *See Tchatchou v. India Globalization Cap., Inc.*, No. 8:18-CV-03396-PWG, 2019 WL 1004591, at *4 (D. Md. Feb. 28, 2019); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).  Of the *Lax* factors, courts in the Fourth Circuit generally emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, No. PWG-21-1189, 2021 WL 6072812, at *4-5 (D. Md. Dec. 23, 2021) (recognizing loss "is widely considered the most important" financial interest factor and assessing financial interest on that basis); *DeLuca v. Instadose Pharma Corp.*, No. 2:21CV675 (RCY), 2022 WL 3020417, at *3 (E.D. Va. July 29, 2022) (same).

In connection with their transactions in Altimmune securities during the Class Period, the Cao-Wu Family and Rainwater collectively incurred losses of approximately $80,602.  *See* Lieberman Decl., Ex. 1, J.R.000002-05.  To the extent that the Cao-Wu Family and Rainwater possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

6

**C.      The Cao-Wu Family and Rainwater Otherwise Satisfy the Requirements of Rule 23.**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure[.]"  In determining whether lead plaintiff movants satisfy Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.  Instead, at this stage of the litigation, only a *prima facie* showing of typicality and adequacy is required.  *See Chamblee v. Terraform Power, Inc.*, No. PX 16-981, 2016 WL 4039178, at \*2 (D. Md. July 28, 2016); *Hirtenstein v. Cempra, Inc.*, Nos. 1:16cv1303 *et al.*, 2017 WL 2874588, at \*4 (M.D.N.C. July 5, 2017).

"The requirement of typicality is satisfied if the [lead plaintiff] movant's claim arises from the same course of events as those of the other potential class members and relies on similar legal theories to prove the defendants' liability." *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 350 (D. Md. 2003); *see also Johnson v. Pozen, Inc.*, No. 1:07CV599, 2008 WL 474334, at \*2 (M.D.N.C. Feb. 15, 2008).  The Cao-Wu Family's and Rainwater's claims are typical of those of the Class.  The Cao-Wu Family and Rainwater allege, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Altimmune, or by omitting to state material facts necessary to make the statements they did make not misleading.  The Cao-Wu Family and Rainwater, like other Class members, purchased or otherwise acquired Altimmune securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove Altimmune's share price downward.  These shared

7

claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"Adequate representation requires a finding that the purported class representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members." *Johnson*, 2008 WL 474334, at *2; *see also Chamblee*, 2016 WL 4039178, at *2 (appointing lead plaintiffs that "demonstrated that they will 'fairly and adequately protect the interests of the class,' and 'ensure vigorous advocacy'" (quoting *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986))).  The Cao-Wu Family and Rainwater are adequate representatives for the Class.  As set forth in greater detail below, in Pomerantz and Cohen Milstein, the Cao-Wu Family and Rainwater have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submit their choice of Pomerantz and Cohen Milstein to the Court for approval as Lead Counsel and Liaison Counsel, respectively, for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz and Cohen Milstein, the Cao-Wu Family is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this Action, which is not seeking appointment or a role as lead or liaison counsel.  There is no evidence of antagonism or conflict between the Cao-Wu Family's and Rainwater's interests and those of the Class.  Moreover, the Cao-Wu Family and Rainwater have submitted sworn Certifications declaring their commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. 3, J.R.000010-11, 000013-14, 000016-17), and their significant financial interest demonstrates that they have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further, the Cao-Wu Family and Rainwater constitute an appropriate movant group of the type routinely appointed to serve as Co-Lead Plaintiffs. *See, e.g.*, *Palm Tran*, 2021 WL 6072812,

8

at *5 (appointing movant group, finding "[n]ot having a pre-litigation relationship does not disqualify a group, and the parties here represent that they chose to work together based on their mutual shared interests in maximizing the Class's recovery" (internal quotation marks omitted)); *Tchatchou*, 2019 WL 1004591, at *7-9 (appointing group of seven as lead plaintiff under the PSLRA); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162-63 (S.D.N.Y. 2005) (holding "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiffs); *see also Cendant*, 264 F.3d at 266 ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).  Moreover, the Supreme Court recently affirmed the propriety of permitting investor groups to serve as Co-Lead Plaintiffs in *China Agritech v. Michael H. Resh*, 584 U.S. 732 (2018), noting that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups" in PSLRA actions.  *Id.* at 742 n.3.

The Cao-Wu Family and Rainwater likewise have demonstrated their adequacy because they are a small and cohesive group of three investors—two of whom, Cao and Wu, are a married couple—who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them is prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Lieberman Decl., Ex. 4, J.R.000021-27.  Courts, including in the Fourth Circuit, routinely appoint investor groups as Co-Lead Plaintiffs pursuant to the PSLRA under such circumstances.  *See, e.g.*, *Palm Tran*, 2021 WL 6072812, at *5-6 (appointing investor group where its members "submitted a joint declaration attesting to their discussions with one another and with counsel regarding their joint motion, their understanding of their responsibilities, and their

9

readiness to take on those responsibilities"); *Tchatchou*, 2019 WL 1004591, at *8-9 (appointing investor group that submitted a declaration that "signals to [the court] that [the group's] members are prepared to play an active role in this litigation and to monitor the actions of their selected counsel"); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4-5 (E.D.N.Y. Dec. 15, 2017) (appointing group of four investors that submitted a declaration attesting "it is prepared to work cooperatively to serve the best interests of the class"); *Louisiana Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

### D.    The Cao-Wu Family and Rainwater Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses.

The presumption favoring the Cao-Wu Family's and Rainwater's appointment as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Cao-Wu Family's and Rainwater's ability and desire to fairly and adequately represent the Class has been discussed above.  The Cao-Wu Family and Rainwater are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class. Accordingly, the Cao-Wu Family and Rainwater should be appointed Co-Lead Plaintiffs for the Class.

10

## II.   CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain counsel for the class, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v). The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class[.]" *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 438 (E.D. Va. 2000) ("[A] district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources[.]"); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Here, the Cao-Wu Family and Rainwater have selected Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. 5, J.R.000029-36. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.*, J.R.000029. As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the

11

United States. *See id.*, J.R.000030. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.*, J.R.000030-33. More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*, J.R.000030.

Likewise, Cohen Milstein is well-qualified to serve as Liaison Counsel for the Class. Cohen Milstein has worldwide expertise as counsel for U.S. and non-U.S. institutional investors who have been the victims of securities fraud. By applying innovative legal theories and litigation strategies, it has recovered billions of dollars for its clients in some of the largest and most complex securities class actions. Significant securities settlements obtained by Cohen Milstein, acting as lead or co-lead counsel, include a $1 billion recovery in a securities class action against Wells Fargo & Co., the seventeenth-largest securities class action recovery in U.S. history (*In re Wells Fargo & Co. Sec. Litig.*, No. 1:20-cv-04494-JLR-SN (S.D.N.Y.)); a $500 million settlement in the Countrywide mortgage-backed securities ("MBS") class action (*Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 10-cv-00302-MRPMAN (C.D. Cal.)); a $275 million settlement in an MBS class action against the Royal Bank of Scotland (*New Jersey Carpenters Health Fund v. The Royal Bank of Scotland Group, plc*, No. 08-cv-05310-DAB-HBP (S.D.N.Y.)); $335 million in settlements in a class action against Residential Accredit Loans, Inc. and various investment banks (*New Jersey Carpenters Health Fund v. Residential Capital, LLC*, No. 08-cv-8781 (HB) (S.D.N.Y.)); and a $90 million settlement in a class action against MF Global (*Rubin v. MF Global, Ltd.*, No. 08-cv-2233 (VM) (S.D.N.Y.)), among others. Cohen Milstein's attorneys have experience in achieving substantial recoveries in class actions, and they have extensive familiarity with the Local Rules and practice norms of this District, having served as both lead and liaison

12

counsel in cases in this District.  *See, e.g.*, *Sinnathurai v. Novavax, Inc. et al.*, No. 8:21-cv-02910-TDC (D. Md.) (liaison counsel with Pomerantz and another firm as co-lead counsel); *Tchatchou v. India Globalization Capital, Inc. et al.*, No. 8:18-cv-03396-PWG (D. Md.) (same); *Fine, et al. v. Bowl America, Inc.*, *et al.*, No. 1:21-cv-01967-SAG (D. Md.) (co-lead counsel); *In re Emergent BioSolutions Inc. Sec. Litig.*, No. 8:21-cv-00955-DLB (D. Md.) (liaison counsel with Pomerantz as lead counsel).

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, the Cao-Wu Family's and Rainwater's counsel, Pomerantz and Cohen Milstein, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute this Action effectively and expeditiously.  Thus, the Court may be assured that by approving the Cao-Wu Family's and Rainwater's selection of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Cao-Wu Family and Rainwater respectfully request that the Court issue an Order: (1) appointing the Cao-Wu Family and Rainwater as Co-Lead Plaintiffs for the Class; and (2) approving their selection of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

Dated:  October 6, 2025                Respectfully submitted,

*/s/ Daniel S. Sommers*
Daniel S. Sommers (Md. Bar No. 15822)
S. Douglas Bunch
**COHEN MILSTEIN SELLERS &**
  **TOLL PLLC**
1100 New York Avenue, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

13

dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

*Counsel for Co-Lead Plaintiff Movants the Cao-Wu
Family and Thomas Rainwater and Proposed
Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman*
J. Alexander Hood II*
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Co-Lead Plaintiff Movants the Cao-Wu
Family and Thomas Rainwater and Proposed Lead
Counsel for the Class*

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
Peretz Bronstein*
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Co-Lead Plaintiff Movant
the Cao-Wu Family*

**Pro hac vice* applications forthcoming

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by the Court's

CM/ECF system on counsel of record on this 6th day of October, 2025.

Dated:  October 6, 2025

*/s/ Daniel S. Sommers*
Daniel S. Sommers (Md. Bar No. 15822)